**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TIM SMITH
REG. #08681-021

                                                                                                             PETITIONER

VS.                              2:09CV00013 JTR

T.C. OUTLAW, Warden,
FCI Forrest City                                                                  RESPONDENT

**MEMORANDUM AND ORDER**

**I. Introduction**

Pending before the Court[1] is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Tim Smith. (Docket entry #2). Respondent has filed a Response. (Docket entry #9). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On May 23, 1995, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride. (Docket entry #9). He was sentenced to a one hundred and eight month term of imprisonment, with five years supervised release. *Id.* On January 17, 2003, he was released from prison and placed on supervised release. *Id.*

On October 20, 2005, Petitioner was arrested in Green County, Georgia on state drug charges and subsequently taken into federal custody for violating the conditions of his supervised release. (Docket entry #9). Petitioner was later indicted and convicted on a federal charge of conspiracy to possess with intent to distribute over five kilograms of cocaine. *Id.*

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #10.)

On January 19, 2006, in the United States District Court for the Southern District of Georgia, Petitioner was sentenced to a sixty (60) month sentence for violating conditions of his supervised release. (Docket entry #9, Exhibit A). On October 19, 2006, Petitioner was sentenced, in the United States District for the Middle District of Georgia, to a sixty-four (64) month sentence for conspiracy to possess with intent to distribute over five kilograms of cocaine. (Docket entry #9, Exhibit A). The latter sentence was ordered to run concurrent with Petitioner's sixty month sentence for violating conditions of his supervised release. (Docket entry #9).

Petitioner argues in his habeas petition that: (1) the Bureau of Prisons (BOP) failed to run his sentences concurrently; and (2) the BOP failed to give him credit towards his sixty-four month sentence for the time he was detained, from January 19, 2006 through October 18, 2006, awaiting trial and, later, sentencing on the federal drug charge. (Docket entry #2). Respondent contends that the BOP properly computed Petitioner's sentences and ran them concurrently. Respondent also argues that the BOP properly did not apply the time Petitioner was detained toward his sixty-four month sentence because it has already been credited toward his supervised release violation sentence.[2] (Docket entry #9).

For the reasons explained below, the Court concludes that Petitioner's habeas claim is without merit. Accordingly, the Petition for Writ of Habeas Corpus will be denied, and the case will be dismissed, with prejudice.

## II. Discussion

1. ***The BOP properly calculated Petitioner's sentences and ran them concurrently.***

Under § 3584(a), trial courts retain "broad statutory authority" to impose a sentence to run

---

[2] *See* 18 U.S.C. § 3585.

consecutively with or concurrently to an existing imprisonment term. *United States v. Meyers*, 401 F.3d 959, 961 (8th Cir. 2005). The Sentencing Guidelines "give only the most general guidance to district courts in exercising this discretion." *United States v. Atteberry*, 447 F.3d 562, 564 (8th Cir. 2006). The statute creates a presumption that, when multiple terms of imprisonment are imposed at different times, they run consecutively unless the sentencing court specifically orders them to run concurrently. *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).

In this case, the sentencing judge *explicitly ordered* Petitioner's sixty-four month sentence on the drug conspiracy conviction to run *concurrent* with his sixty month sentence for violating conditions of supervised release. (Docket #9, Exhibit A). Subsequently, the BOP computed Petitioner's sixty-four month sentence to commence on October 19, 2006 (the date the sentence was imposed), and run concurrent with his earlier sixty month sentence. (Document entry #9, Exhibit A, Attachment #1). With Good Conduct time, Petitioner is expected to be released on March 24, 2011. (Document entry #9, Exhibit A, Attachment #1). To the extent Petitioner argues his second concurrent sentence of sixty-four months should have commenced on January 19, 2006, the date of imposition of his sentence for violating conditions of supervised release, he is wrong. *See e.g., Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir.2006)(recognizing that the term "concurrent" does not mean that two sentences imposed at different times must have the same starting date).

    2.    ***The BOP has properly credited the time Petitioner was detained awaiting trial on the federal drug charge.***

Pursuant to 18 U.S.C. § 3585(b)(1), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...as a result of the offense for which the sentence was imposed;...that has not been credited against another sentence*."* Here, Petitioner's "Sentence Monitoring Computation Data"

3

indicates that his sixty month sentence for violating supervised release commenced on January 19, 2006. (Docket #9, Exhibit A, Attachment 1). On the date that sentence commenced, Petitioner was in federal detention awaiting trial on the federal drug charges. Thus, his time in detention from January 19, 2006 through October 18, 2006 has been credited against his sentence for violating supervised release and it cannot also be credited against his sixty four month sentence for conspiracy to possess with intent to distribute over five kilograms of cocaine. Accordingly, Petitioner is not entitled to the relief requested.

### III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket entry #2) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 15th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE